CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 05 2011

BY: JULIA C. DUDLEY, CLERK
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CHERYL HAVEN, <br><br> *Plaintiff,* <br><br> v. <br><br> SOCIAL SECURITY, <br><br> *Defendant.* | CIVIL ACTION No. 6:10-CV-00003 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the court on consideration of the following: a motion for summary judgment (docket no. 13) filed by the Commissioner of Social Security ("Commissioner," or "Defendant"); the Report and Recommendation ("Report") (docket no. 22) of United States Magistrate Judge Michael F. Urbanski[1]; and objections (docket no. 26) to the Report filed on the *pro se* Plaintiff's behalf. For the reasons stated herein, I will strike the objections, adopt the Report *in toto*, and grant the Commissioner's motion for summary judgment.

I.

In his Report, the magistrate judge recommends that I affirm the Commissioner's final decision denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Objections to the Report were filed, which under ordinary circumstances would obligate the court to undertake a *de novo* review of those portions of the Report to which objections properly were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). The objections that were filed in this case, however,

---

[1] The President nominated Judge Urbanski to this court on December 1, 2010. Judge Urbanski issued his Report on January 27, 2011. Thereafter, on May 12, 2011, the Senate confirmed the nomination, and Judge Urbanski received his judicial commission on May 13, 2011.

were prepared by someone other than Plaintiff, who has elected to proceed *pro se*. Plaintiff is free to submit filings and motions prepared by someone else if she so wishes, but that person must be a licensed attorney admitted to practice before this Court, and must comply with the Federal Rules of Civil Procedure when submitting filings to this Court.[2] Accordingly, the objections will be stricken.

## II.

Moreover, I observe that the objections lack the requisite specificity, and I would overrule them were they not stricken. Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which *specific* objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48. General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)).

---

[2] The objections state that they were written by a party "simply trying to support [his] sister," and that the party is "not trained in legal or medical matters" and was not "trying to act like an attorney." The signature portion of the objections indicate that this party wrote the objections, but that Plaintiff's daughter signed and submitted the objections.

The objections filed on Plaintiff's behalf mostly state legal conclusions,[3] and incorporate and repeat arguments already presented. Accordingly, the objections fail to specifically object to the magistrate judge's report, as they are conclusory and lack the specificity required by Rule 72, and have the same effect as a failure to object. *Veney*, 539 F. Supp. 2d at 845. I add that my review of the record indicates that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet her burden of establishing that she was totally disabled from all forms of substantial gainful employment.

### III.

Because I have determined that the objections were improperly filed, I will enter an order striking Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

The Clerk of the Court will be directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and to United States District Judge Michael F. Urbanski.

Entered this 5th day of July, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] Most of the 18-page document consists of block quotes of Social Security Rulings.